UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SARAH DIEKMAN,

      Plaintiff,

v.                                Case No.: 1:19-cv-00227-AW-GRJ

UNIVERSITY OF FLORIDA,
      a body corporate,

      Defendant.

_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rules 12(b)(6) and 12(b)(1), Federal Rules of Civil Procedure ("Rule(s)"), Defendant, the University of Florida ("UF"), respectfully moves the Court for an Order dismissing Plaintiff's Complaint for failure to state a cause of action or lack of subject matter jurisdiction. The Defendant offers the following in support:

## I.    INTRODUCTION AND BACKGROUND

Plaintiff portrays this as an employment discrimination matter but Plaintiff was first and foremost a student in the Department of Psychiatry at the University of Florida College of Medicine with ancillary "clinic work" that was part of her academic program for graduation. Plaintiff was a resident student from July 1, 2013

1

until December 4, 2016.[1] Plaintiff completed "clinical work" as part of her educational program requirements.[2] Plaintiff was placed on academic probation at the beginning of the Fall 2015 semester.[3] At the end of the Fall 2015 semester, on December 4, 2015, Plaintiff was academically dismissed from the UF College of Medicine's Department of Psychiatry for not passing her necessary tests and incurring too many absences.[4] As a result, Plaintiff was dismissed from her ancillary employment of clinic work with UF.[5] Plaintiff alleges UF discriminated and retaliated against her by dismissing her from the psychiatry program and having her test scores changed to make it appear she was failing her tests.[6]

As a student of a state university in Florida, Plaintiff was subject to UF's quasi-judicial decisions and was required to exhaust her administrative remedies in her allegations of discrimination and retaliation. Plaintiff fails to allege that she appealed UF's decision to dismiss her from the psychiatry program or received a final decision from UF. Plaintiff also fails to allege that she appealed UF's final quasi-judicial decision by petition for writ of certiorari to the circuit court in order to exhaust her administrative remedies. Therefore, Plaintiff's Complaint should be dismissed for Plaintiff's failure to exhaust her administrative remedies and properly

---

[1] *See* Dkt 1, Complaint (hereinafter, "Complaint") at ¶¶ 11 and 49.
[2] Complaint at ¶ 45.
[3] Complaint at ¶ 45.
[4] Complaint at ¶¶ 49-50.
[5] Complaint at ¶ 49.
[6] Complaint at ¶ 50.

receive judicial review in Florida's Eighth Judicial Circuit Court. Plaintiff's access to these administrative procedures should also preclude Plaintiff's claim for the "Violation of the Fourteenth Amendment" in Count XIII.

Furthermore, Plaintiff has filed suit incorrectly naming the University of Florida which should result in the Complaint being dismissed. Plaintiff's Count I (ADA Disability Discrimination), Count IX (FMLA Interference), and Count X (FMLA Retaliation) should be dismissed with prejudice as those claims are barred by sovereign immunity under the Eleventh Amendment. Plaintiff's Counts XI (Section 110.221 Interference) and XII (Section 110.221 Retaliation) should be dismissed with prejudice as there is no private right of action under Section 110.221, Florida Statutes. Finally, Plaintiff fails to allege a plausible or sufficient cause of action for Count III (Florida Statute 440.205 Retaliation) because Plaintiff did not report a worker's compensation claim until two weeks after she was dismissed. For the foregoing reasons, Plaintiff's Complaint, with its 139 paragraphs and 13 counts, should be dismissed by the Court.

## MEMORANDUM OF LAW

## II.   Standards for a Motion to Dismiss

### A. Rule 12(b)(6)

Rule 12(b)(6) provides that a court may dismiss a Complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In order

to survive a motion to dismiss, the factual allegations made in a Complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This means that a plaintiff has an obligation to provide a basis or grounds for relief, and it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  In that regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and if a plaintiff "ha[s] not nudged his claims across the line from conceivable to plausible, his [Complaint] must be dismissed." *Id.* at 570.  Mere labels and legal conclusions do not withstand a 12(b)(6) motion to dismiss. *Id.*

In addition, "[d]ismissal is warranted under [Rule] 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Schwab v. Huntington Nat'l Bank*, No. 2:12-cv-315-FtM-99SPC, 2013 WL 655248, at *1 (M.D. Fla. Feb. 22, 2013).  A court may grant a motion to dismiss if the defendant demonstrates beyond a doubt that the plaintiff will be unable to prove any set of facts that would entitle the plaintiff to relief for her claim. *Harper v. Blockbuster Entm't. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

**B. Rule 12(b)(1)**

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir.2007).

A "facial attack" on the complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *McElmurray*, 501 F.3d at 1251. However, "federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence*, 919 F.2d at 1531.

**III.    This Court lacks subject matter jurisdiction under Section 1001.72, Florida Statutes, because the University of Florida is an improper party.**

The University of Florida ("UF") is part of the State University System of Florida. Section 1000.21(6)(j), Florida Statutes; *Dismuke v. Florida Board of Governors*, No. 8:05-cv-340, 2005 WL 1668895, at *2 (M.D. Fla. July 8, 2005). The members of the State University System of Florida each have an appointed board of

trustees that is "a public body corporate with all the powers of a body corporate, including the power to adopt a corporate seal, to contract and be contracted with, to sue and be sued, to plead and be impleaded in all courts of law or equity . . . ." Section 1001.72(1), Florida Statutes. The board of trustees is given the authority to "govern its university" and "establish the personnel program for all employees of the university." Sections 1001.74(5)(a) and 1001.74(1)(c), Florida Statutes.

"However, the Plaintiff should be aware that in order to maintain a claim . . . she will have to name the appropriate Defendant." *Jie Liu Tang v. Univ. of S. Fla.*, No. 8:05CV572T17MAP, 2005 WL 2334697, at *5 (M.D. Fla. Sept. 23, 2005); *see also U.S. E.E.O.C. v. Fla. Gulf Coast Univ.*, No. 2:06-CV-326FTM29SPC, 2007 WL 2077577, at *2 (M.D. Fla. July 16, 2007). Under state statute, the University of Florida is not the proper party in this matter. Therefore, the Complaint should be dismissed in its entirety.

## IV. Because UF makes educational decisions related to students in a quasi-judicial capacity, Plaintiff's claims related to UF's decision to dismiss her from the residency program should be dismissed in its entirety and her claims reviewed in the proper venue.

### A. As a psychiatric resident, Plaintiff was a student at UF and was academically dismissed from her program.

Medical residents subject to academic decisions at institutions of higher education are treated as students and deference is given to those institutions by the Courts when making academic decisions. *See Bd. of Curators of the Univ. of Mo. v.*

6

*Horowitz*, 98 S. Ct. 948, 956 (1978) (recognizing that lower courts implied that academic dismissals should be reviewed to determine if they were "clearly arbitrary or capricious"); *Rollins v. Bd. of Tr. of the Univ. of Ala.*, 647 Fed. App'x 924, 930 (11th Cir. 2016); *see also Militana v. Univ. of Miami*, 236 So. 2d 162, 164 (Fla. 3d DCA 1970); *Hussey v. Univ. of Fla. Bd. of Trs.*, 226 So. 3d 1081 (Fla. 1st DCA 2017) (holding that medical resident was student subject to procedures for appeal).

This matter arises from Plaintiff's time as a resident student in the Department of Psychiatry at the University of Florida College of Medicine from July 2013 until December 4, 2015.[7] The departmental leadership of the psychiatric program at the UF College of Medicine was Dr. Ginory, assistant program director, Dr. Regina Bussing ("Dr. Bussing"), the UF College of Medicine Department of Psychiatry Chair, and Dr. Lisa Dixon ("Dr. Dixon"), the designated institutional officer, all of which Plaintiff alleges were "upper level administrators" at the UF psychiatric program.[8] Dr. Hobbs directly oversaw Plaintiff in the psychiatric program.[9] Dr. Hobbs said that "she made the educational schedule and was subject to the changes that she so deemed."[10] Plaintiff's employment with UF was "clinic work" which was itself a part of the educational curriculum established for residents in order to

---

[7] Complaint at ¶¶ 11, 49.
[8] Complaint at ¶¶ 33, 40-42.
[9] Complaint at ¶ 15.
[10] Complaint at ¶ 44.

complete their course of study and graduate.[11] However, Plaintiff's alleged employment was ancillary to her status as a student in good standing. The schedule for "clinic work" was set by the clinic administrator.[12]

As part of her program in the UF College of Medicine, Plaintiff attended lectures and was required to take tests in order to graduate from the program.[13] Plaintiff alleges that she did well on many of the tests including a "PRITE examination" in which she "was in the top third of her class" on the test.[14] Plaintiff and her classmates were also tasked with "Milestone" tests to "mark the attainment of a skill level."[15] In order to graduate from the program, Plaintiff and her classmates had to attain a level 3 on the exams.[16]

However, Plaintiff had problems academically that resulted in being put on academic probation her final semester in the UF psychiatric program.[17] Plaintiff complained to "Dr. Bussing, that she was not receiving the educational resources as her classmates . . . ."[18] Plaintiff alleges that Dr. Hobbs believed her to be "academically deficient" in her studies.[19] Plaintiff alleges that she filed a complaint with the UF College of Medicine accrediting body, Accreditation Council for

---

[11] Complaint at ¶ 45.
[12] Complaint at ¶ 45.
[13] Complaint at ¶¶ 20, 46-47.
[14] Complaint at ¶ 46.
[15] Complaint at ¶ 47.
[16] Complaint at ¶ 47.
[17] Complaint at ¶ 45.
[18] Complaint at ¶ 44.
[19] Complaint at ¶ 44.

8

Graduate Medical Education (ACGME), "addressing program violations and education" concerning the UF psychiatric program she was enrolled in.[20]

Due to issues related to her academic performance, Plaintiff was placed on academic probation at the beginning of the Fall 2015 semester.[21] "Plaintiff felt that she would be put on academic probation as a means to control her and have her stop complaining."[22] Following her academic probation in the Fall 2015 semester, Plaintiff was dismissed from the psychiatric residency program at the UF College of Medicine.[23] Plaintiff's dismissal from the program occurred at the end of the fall semester on December 4, 2015 for alleged absences and failed test scores.[24] Plaintiff alleges that UF changed her test scores to fail her in order to dismiss her from the program in retaliation for her complaining of discrimination.[25] As a result, Plaintiff was also terminated from her ancillary clinic work and employment with UF due to the clinic work being a requirement of the Plaintiff's residency program.[26]

### B. Plaintiff must exhaust her administrative remedies prior to bringing a lawsuit because she is a former student dismissed from UF.

As a public university governed by the laws of the State of Florida, UF makes decisions related to a student in a quasi-judicial capacity and such decisions should

---

[20] Complaint at ¶ 31.
[21] Complaint at ¶ 45.
[22] Complaint at ¶ 41.
[23] Complaint at ¶ 44.
[24] Complaint at ¶¶ 49-50.
[25] Complaint at ¶ 50.
[26] Complaint at ¶ 137.

be exhausted through administrative procedures until a final decision is made by the public university and then appealed to a state circuit court by writ of certiorari. *Decker v. Univ. of W. Fla.*, 85 So. 3d 571 (Fla. 1st DCA 2012). "[A]s a general rule, exhaustion of administrative remedies includes pursuing an appeal from an administrative ruling where a method of appeal is available." *Sylvain v. Fla. Agr. & Mech. Univ. Bd. of Trustees*, 204 So. 3d 162, 163 (1st DCA 2016) (quoting *Robinson v. Department of Health*, 89 So. 3d 1079, 1081 (Fla. 1st DCA 2012)); *see also Fla. High Sch. Athletic Ass'n v. Melbourne Cent. Catholic High Sch.,* 867 So. 2d 1281, 1288 (Fla. 5th DCA 2004) ("When a method of appeal from an administrative ruling has been provided, such method must generally be followed to the exclusion of any other system of review.").

Florida's State Constitution has vested the State University System's Board of Governors and each university's board of trustees with the power and scope to "operate, regulate, control and be fully responsible for the management of the whole university system." Fla. Const. art. IX, section 7; *Rivera v. Univ. of S. Fla. St. Petersburg*, 176 So. 3d 363, 363-64 (Fla. 2d DCA 2015). Therefore, a university has constitutional jurisdiction in a quasi-judicial nature over any "matter arising in the course of the operation and management of the university." *Decker*, 85 So. 3d 574. Thus, "when an officer or agency is exercising power derived from the constitution, the resulting decision is not one that is made by an agency as defined

in the Administrative Procedure Act." *Id.* Likewise, "a student dismissed from a public educational institution for academic reasons is entitled to less process than a student dismissed for disciplinary reasons." *Rollins v. Bd. of Tr. of the Univ. of Ala.*, 647 Fed. App'x 924, 929 (11th Cir. 2016).

Plaintiff makes no allegations that she appealed the decision from UF concerning her academic dismissal from the psychiatric program. UF would have jurisdiction under Florida Constitution Article IX concerning issues related to Plaintiff's academic dismissal and ancillary employment termination from clinic work connected to her educational requirements. Plaintiff alleges that she was academically dismissed from the program because of fraudulent grade changes, discrimination and retaliation.[27]

Plaintiff also alleges she complained to UF concerning allegations of discrimination related to her treatment in the academic program. However, Plaintiff does not allege whether she appealed UF's decision to dismiss her after she was placed on academic probation. Plaintiff does not allege if she received a final decision concerning any appeal to exhaust her administrative remedies with UF. Plaintiff states she "has exhausted all administrative remedies" concerning her EEOC Charge of Discrimination.[28] Although this statement seems to be in reference

---

[27] Complaint at ¶ 50.
[28] Complaint at ¶ 6.

to her EEOC administrative remedies in order to file a Title VII claim, if this Court

determines that Plaintiff did allege exhaustion of remedies through UF's process,

then the proper remedy is judicial review through the Eighth Judicial Circuit Court.

### C. In order to exhaust all administrative remedies, Plaintiff must appeal UF's final decision by judicial review in the Eighth Judicial Circuit Court.

Where a university's action is taken under the powers derived from the Florida

Constitution, appeal of a final quasi-judicial decision by petition for writ of certiorari

to the circuit court is the appropriate mechanism. *Decker*, 85 So. 3d 571; *Rivera*,

176 So. 3d at 363-64.; *Hussey*, 226 So. 3d at 1081. "In the absence of a general law

establishing a right to appeal, the order in this case is reviewable by certiorari." *Id.*

Rule 9.190(b)(3) of the Florida Rules of Appellate Procedure provides that "[r]eview

of quasi-judicial decisions of any administrative body, agency, board, or commission

not subject to the Administrative Procedure Act shall be commenced by filing a

petition for certiorari in accordance with rule 9.100(b) and (c) unless review is

provided by general law." *Decker*, 85 So. 3d 571 (quoting *Smull v. Town of Jupiter*,

854 So.2d 780 (Fla. 4th DCA 2003)).

Plaintiff's "proper remedy is to seek certiorari review in the circuit court."

*Couchman v. Univ. of Cent. Fla.*, 84 So. 3d 445, 446–47 (5th DCA 2012) (citing

*Fla. Water Servs. Corp. v. Robinson*, 856 So. 2d 1035 (Fla. 5th DCA 2003) (party

seeking to challenge decision of administrative body, acting in its quasi-judicial

capacity, is entitled to present its due process claim, but only by presenting petition for certiorari review to the circuit court where administrative body is not subject to APA)).

Plaintiff does not allege that she sought judicial review of UF's final decision on her academic dismissal and ancillary termination for clinic work. Plaintiff does allege that UF "violated the Plaintiff's due process rights when it terminated the Plaintiff's employment without adhering to statutorily prescribed due process rights."[29] Nevertheless, if UF did violate her due process rights, the proper recourse for Plaintiff would be judicial review in the state circuit court.

As a result, Plaintiff's Complaint should be dismissed in its entirety and Plaintiff should exhaust her administrative remedies with UF and appeal any final decision through judicial review to the state circuit court. Certainly, "[a]s a general rule, parties are required to pursue administrative remedies before resorting to the courts to challenge agency action," *Cent. Fla. Invs., Inc. v. Orange County Code Enforcement Bd.,* 790 So. 2d 593, 596 (Fla. 5th DCA 2001), and "failure to exhaust the available administrative remedies may result in dismissal of the lawsuit." *MCZ/Centrum Flamingo II, LLC v. City of Miami Beach*, No. 08-22419-CIV, 2009 WL 10700922, at *13 (S.D. Fla. Aug. 12, 2009).

Accordingly, the legal mechanism for appeal of Plaintiff's dismissal from the

---

[29] Complaint at ¶ 137.

UF College of Medicine is "by petition for writ of certiorari filed with the . . . circuit court." *Id; Corbin v. Univ. of Fla.*, 147 So. 3d 7 (Fla. 1st DCA 2013) (dismissing a student's request for review of an administrative order and stating that the proper vehicle for review was a petition for writ of certiorari to the Eighth Judicial Circuit Court in Alachua County). As a result, this Court should dismiss Plaintiff's Complaint in its entirety.

## V.   Plaintiff's Count XIII (Violation of the Fourteenth Amendment) should be dismissed because Plaintiff fails to sufficiently plead non-conclusory and plausible allegations to support her claim.

It is settled law that the quasi-judicial procedures the State of Florida provides are an adequate remedy for Plaintiff's alleged deprivation of rights. *Doe v. Valencia Coll.*, 903 F.3d 1220, 1235 (11th Cir. 2018) (citing *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) ("[T]he state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation.")); *Valencia Coll.,* 903 F.3d at 1235 (noting that "certiorari [to the state courts] is generally an adequate state remedy" for procedural due process purposes). As discussed, Plaintiff has access to the quasi-judicial process provided by UF and judicial review in the state circuit court of Florida.

Notwithstanding, Plaintiff fails to make any allegations concerning her claim of a violation of the Fourteenth Amendment or put UF on notice to what is being

alleged concerning deprivation of due process. Plaintiff provides no allegations regarding whether this count concerns procedural due process or substantive due process. Plaintiff only alleges, "The Defendant violated the Plaintiff's due process rights when it terminated the Plaintiff's employment without adhering to statutorily prescribed due process rights."[30] Plaintiff does not cite to the statute governing her alleged due process rights and UF is unaware of the state statute Plaintiff is referring to that UF could have violated. Plaintiff also alleges, "the Defendant acted under color of law in depriving the Plaintiff of her rights, thus violating the Fourteenth Amendment due process protection."[31] These conclusory allegations and circular legal reasoning do not withstand a 12(b)(6) motion to dismiss. Plaintiff makes no other factual allegations within her Complaint concerning a deprivation of due process or a violation of the Fourteenth Amendment. Therefore, Plaintiff's Count XIII should be dismissed with prejudice.

## VI.    Plaintiff's Counts I, IX, and X should be dismissed with prejudice due to lack of subject matter jurisdiction as they are barred by sovereign immunity under the Eleventh Amendment.

Eleventh Amendment immunity "is in the nature of a jurisdictional bar" that "should be decided at an early stage." *Ross v. Jefferson Cty. Dep't. of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (quoting *Bouchard Transp. Co. v. Fla. Dep't. of Envtl.*

---

[30] Complaint at ¶ 137.
[31] Complaint at ¶ 138.

*Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996)). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Tr. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). "The Eleventh Amendment protects the immunity of not only the states, but of state agencies and entities that function as an 'arm of the state.'" *Ross*, 701 F.3d at 659 (citing *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc)). The State of Florida has not waived Eleventh Amendment immunity with respect to any of these claims. *See* Section 768.28(18), Florida Statues (stating that no statute shall be construed to be a waiver of Eleventh Amendment immunity "unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court").

### A. Count I (Discrimination under the Americans with Disabilities Act Amendments of 2008) is barred by sovereign immunity under the Eleventh Amendment.

Plaintiff alleges that she is "entitled to protection under the Americans with Disabilities Act Amendment of 2008 (ADAAA). . ." and "[d]ue to her disability, Plaintiff suffered an adverse employment action. . . on or about December 4, 2015." Although the Plaintiff alleges protections under the ADAAA, the ADAAA amended portions of the Americans with Disabilities Act ("ADA") including Title I concerning employment discrimination. As a result, Eleventh Amendment immunity precludes this Court from adjudicating Count I of the Plaintiff's Complaint. In *Board*

*of Trustees of The University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955 (2001), the Supreme Court held that Congress had not validly waived Eleventh Amendment immunity with regard to suits brought under Title I of the ADA by private citizens claiming money damages from public employers, such as the University of Florida.

Eleventh Amendment immunity has also been applied to the ADA after the inclusion of the ADAAA. *Adamson-James v. Fla. Dep't of Corr.*, No. 6:11-CV-628-ORL-36, 2013 WL 1968499, at *4 (M.D. Fla. 2013) (holding "there is nothing in the ADAAA or its legislative history which would warrant a departure from the *Garrett* Court's conclusion"). All forms of relief under Title I of the ADA are barred by Florida's Eleventh Amendment immunity. *Id.* at 7. Therefore, Count I of the Plaintiff's Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

### B. Count IX (FMLA Retaliation) and Count X (FMLA Interference) are self-care claims barred by sovereign immunity under the Eleventh Amendment.

In Counts IX and X, Plaintiff alleges FMLA Retaliation and FMLA interference under the "self-care" provisions of the Family Medical Leave Act ("FMLA"). In Count IX for "Unlawful Interference Under the FMLA," Plaintiff alleges that UF "interfered with Plaintiffs right to exercise her FMLA by requiring the Plaintiff to fill out an excessive and burdensome amount of paperwork to take to

her doctor" and making it difficult to "meet with her doctor to obtain the documents for her FMLA . . ."[32] Similarly, in Count X for "FMLA Retaliation," Plaintiff alleges nearly identical allegations stating UF "retaliated against the Plaintiff's right to exercise her FMLA by requiring Plaintiff to fill out an excessive and burdensome amount of paperwork to take to her doctor"[33] and other nearly identical allegations to Count IX.

It is well established that Congress enacted the family care provisions of the FMLA pursuant to its Fourteenth Amendment mandate to ensure equal protection of all citizens. However, the Courts have ruled that the FMLA's self-care provision was not tied to an identified pattern of discrimination on the part of the states and, therefore, does not permit suits against the states by their employees. *Coleman v. Court of Appeals*, 132 S.Ct. 1327, 182 L.Ed.2d 296 (2012). Thus, sovereign immunity under the Eleventh Amendment bars all "suits against States" under the self-care provision of FMLA. *Id.* Plaintiff's claims are based in the self-care provisions of the FMLA and are barred by sovereign immunity under the Eleventh Amendment. Thus, Plaintiff's Counts IX and X should be dismissed with prejudice due to subject matter jurisdiction.

**VII.  Counts XI and XII should be dismissed with prejudice, because there is no private right of action under Section 110.221, Florida Statutes and Plaintiff was not a career service employee covered by Section 110.221.**

---

[32] Complaint at ¶ 114.
[33] Complaint at ¶ 120.

Whether a private right of action exists for a violation of a Florida statute is a matter of legislative intent. *See Villazon v. Prudential Health Care Plan, Inc.,* 843 So. 2d 842, 852 (Fla. 2003). Absent a specific expression of intent, a private right of action may not be implied. *Id.* (citing *Murthy v. N. Sinha Corp.,* 644 So. 2d 983, 986 (Fla.1994) ("In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability.")) In Florida Statute Section 110.221, the Legislature has not provided any intent to create a private right of action but explains the purpose of the chapter of statutes concerning career service employees is to "develop uniform personnel rules, guidelines, records, and reports relating to employees and positions in the career service." Section 110.201, Florida Statutes. Therefore, the statute's intent is to create uniform rules for all state career service employees across the State of Florida and its government agencies, not create a private right of action.

Furthermore, in *Adamson-James v. Fla. Dep't of Corr.,* No. 6:11-CV-628-ORL-36, 2013 WL 1968499, at *1 (M.D. Fla. 2013), the Middle District dismissed *"Count Six—violation of Fla. Stat. § 110.221, Florida's parental and family medical leave statute"* against the Florida Department of Correction without comment due to the statute not containing a private right of action. Florida courts have long held that the State of Florida has absolute sovereign immunity for the state and its

19

agencies absent waiver by legislative enactment or constitutional amendment. *Circuit Court of Twelfth Judicial Circuit v. Dep't of Nat. Res.*, 339 So. 2d 1113, 1114 (Fla. 1976). There is no waiver of absolute immunity in Section 110.221.

Even if there were a private right of action under Section 110.221, Plaintiff was not a career service employee[34] covered under Section 110.221 as defined by Section 110.205(2)(d), Florida Statutes. Plaintiff did not work for an entity required to even follow Section 110.221. Therefore, Plaintiff's Counts XI and XII under Section 110.221 should be dismissed with prejudice.

## VIII.  Plaintiff's claims in Count VIII concerning violation of the Public Whistleblower Act should be dismissed with prejudice.

### A. Plaintiff did not follow the pre-suit requirements of Section 112.3187(8), Florida Statutes, barring her claims in Count VIII.

Section 112.3187(8), Florida Statutes, identifies three classes of persons who may file a whistleblower's complaint under the Public Whistleblower Act. As an alleged employee of UF, Plaintiff falls within Section 112.3187(8)(a) as UF qualifies as a "state agency" defined in Section 216.011. Employees of state agencies such as UF are required to "file a complaint, which…must be made in accordance with s. 112.31895." Section 112.3187(8)(a), Florida Statutes. "Upon receipt of notice from the Florida Commission on Human Relations of termination of the investigation, the

---

[34] "The exempt positions that are not covered by this part include the following: All officers and employees of the state universities…" Fla. Stat. § 110.205(2)(d).

complainant may elect to pursue the administrative remedy available under s. 112.31895 or bring a civil action within 180 days after receipt of the notice." *Id.* Similarly, the employee must file "a written complaint…no later than 60 days after the prohibited personnel action." Section 112.31895, Florida Statutes. Thus, the statute is clear that in order to file a lawsuit, an individual must file a written complaint with the Florida Commission on Human Relations[35] ("FCHR" or the "Commission") within 60 days of the prohibited personnel action.

The FCHR "shall, within three days, acknowledge receipt and send copies to the other parties named in the complaint, [and] conduct informal fact-finding regarding the allegation..." Section 112.31895(1)–(2), Florida Statutes. The importance of this pre-suit requirement is for the efficiency of the courts because "[i]f the Florida Commission on Human Relations finds that there are no reasonable grounds to believe that a prohibited personnel action has occurred, is occurring, or is to be taken, the commission shall terminate the investigation." Section 112.31895(f), Florida Statutes.

The FCHR's purpose in the statute is to prevent frivolous litigation at the expense of the taxpayers as a gatekeeper to the civil court system while attempting to protect the statutorily provided rights of state employees.

---

[35] Under the statute, an employee may also file a complaint with the "Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1)" along with the Florida Commission on Human Relations. Section 112.3187(7), Florida Statutes. However, Plaintiff has failed to allege filing any whistleblower complaints with the foregoing options.

**1. Plaintiff is barred from pursuing a civil action against UF because she has failed to comply with the pre-suit requirement of filing a whistleblower complaint with the FCHR.**

Plaintiff alleges she was an employee as part of her clinical education at UF. Plaintiff alleges that she exhausted administrative remedies because she "filed an administrative Charge of Discrimination with the EEOC May 14, 2018." However, Plaintiff does not allege that she filed a whistleblower complaint with the Florida Commission on Human Relations as required by Section 112.3187 and Section 112.31895. "[I]f the aggrieved person does choose to pursue a legal remedy, he or she must do so by first filing a complaint with the FCHR." *Univ. of Cent. Fla. Bd. of Trustees v. Turkiewicz*, 21 So. 3d 141, 145 (Fla. 5th DCA 2009). There is no dual filing clause in Section 112.3187 and Section 112.31895 as there is within the Florida Civil Rights Act.

In *Turkiewicz*, a University of Central Florida ("UCF") employee filed suit against UCF without filing a complaint with the FCHR. The Fifth DCA reviewed Section 112.3187(8)(a) of the Public Whistleblowers Act and determined that "[b]ecause we agree that the Act requires that Turkiewicz seek relief from the Florida Commission on Human Relations ["FCHR"] before filing a civil action, and there is no dispute that Turkiewicz failed to seek relief from the FCHR, we grant the writ and quash the order." The statute is clear that "[t]he route to circuit court is opened to a whistle-blower complainant only after he receives notice of termination of

investigation from the Commission." *Tillery v. Fla. Dep't of Juvenile Justice*, 104 So. 3d 1253, 1256 (Fla. 1st DCA 2013).

The FCHR has "inherent authority" to dismiss a whistleblower complaint. *See Robinson v. Dep't of Health*, 89 So. 3d 1079, 1082–83 (Fla. 1st DCA 2012) (holding that the Commission had the inherent authority to dismiss an untimely whistle-blower's complaint because such authority was "necessarily incident to the power to review timely complaints"). Therefore, much like the Plaintiff in *Turkiewicz*, Plaintiff in the instant matter cannot pursue a civil action against UF under Section 112.3187 because she has failed to comply with this pre-suit requirement of filing a whistleblower complaint with the FCHR.

### 2. Plaintiff is time barred from filing a whistleblower complaint with the FCHR.

Furthermore, Plaintiff is time barred from filing a whistleblower complaint with the FCHR because the statute specifically requires that an employee of a state agency, such as UF, file a complaint with the FCHR within sixty (60) days of the prohibited personnel action. Plaintiff alleges she was removed from her residency program and terminated from employment with UF on December 4, 2015. She did not file a Charge of Discrimination with the EEOC until May 14, 2018. She filed the instant lawsuit on October 30, 2019 without going through the proper pre-suit requirements. Therefore, Plaintiff failed to comply with the pre-suit requirement of filing a complaint with the FCHR within sixty (60) days of her December 4, 2015

removal from the residency program and employment at UF in compliance with Section 112.3187 and Section 112.31895. Therefore, Palintiff's whistleblower claim under Section 112.3187 is now barred and must be dismissed with prejudice.

**B. Plaintiff's Count VIII should be dismissed because Plaintiff fails to allege a protected disclosure of a "written and signed complaint."**

To overcome a motion to dismiss for failure to state a cause of action with a retaliation claim under the Public Whistleblower Act, the complaint must include sufficient facts to allege: (1) the plaintiff engaged in a protected activity (i.e. a protected disclosure); (2) the plaintiff suffered an adverse employment action; and (3) the two events are not wholly unrelated. *Dep't of Children & Families v. Shapiro*, 68 So. 3d 298, 305–06 (Fla. 4th DCA 2011).

The types of disclosures protected by the Act are (1) disclosures made in a written and signed complaint upon the employee's own initiative; (2) who are requested to participate in an investigation, hearing, or other inquiry conducted by any agency or federal government entity; (3) who refuse to participate in any adverse action prohibited by this section; (4) or who initiate a complaint through the whistle-blower's hotline or the hotline of the Medicaid Fraud Control Unit of the Department of Legal Affairs; (5) or employees who file any written complaint to their supervisory officials or (6) employees who submit a complaint to the Chief Inspector General in the Executive Office of the Governor, to the employee designated as agency inspector general under s. 112.3189(1), or to the Florida Commission on

Human Relations. Section 112.3187(7), Florida Statutes.

Plaintiff has failed to allege that she has met the terms of Section 112.3187(7). Plaintiff alleges that she made complaints about scheduling, harassment, to the ACGME, and about her alleged disability. However, Plaintiff does not allege that any complaint was written and signed in compliance with Section 112.3187(7) and fails to allege any other form of compliance with Section 112.3187(7). Therefore, Plaintiff's Count VIII should be dismissed with prejudice.

## IX. Plaintiff's Count III (Florida Statute 440.205 Retaliation) should be dismissed because Plaintiff fails to plead any plausible and sufficient allegations to support her claim.[36]

Under Florida law, "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Section 440.205, Florida Statutes.  If an employer violates this section, the employee may assert a cause of action for "retaliatory treatment." *Bifulco v. Patient Business & Fin. Servs., Inc.*, 39 So. 3d 1255, 1257 (Fla. 2010); *see also Borque v. Trugreen, Inc.*, 389 F.3d 1354, 1357 (11th Cir. 2004) (citing *Smith v. Piezo Tech. & Prof'l Adm'rs.*, 427 So. 2d 182, 183–84 (Fla. 1983)). The standard for retaliation in

---

[36] Congress has explicitly shown its disfavor for worker's compensation litigation taking the resources of the federal court system going as far as to prohibit the removal of such claims. 28 U.S.C. § 1445(c) states that a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." In the same way, this Court has discretion to decline supplemental jurisdiction of a worker's compensation claim.

this context is the same as under Title VII. *Coker v. Morris*, No. 3:07cv151, 2008 WL 2856699, at *7 n. 21 (N.D. Fla. 2008).

To demonstrate a prima facie case, the plaintiff must show: (1) a statutorily protected activity; (2) an adverse employment action; and (3) a causal connection between the protected expression and the adverse action. *See Edwards v. Niles Sales & Serv., Inc.*, 439 F. Supp. 2d 1202, 1228 (S.D. Fla. 2006). Plaintiff alleges that she was injured "during the scope of her employment on December 3, 2015."[37] Plaintiff provides no further allegations concerning her alleged injury. The day following her injury on December 4, 2015, Plaintiff alleges she was academically dismissed from UF and terminated from her employment.[38] Plaintiff alleges she did not engage in statutorily protected activity by making a workers' compensation claim or alerting anyone to her injury until two weeks following the alleged injury on December 17, 2015.[39]

Therefore, there is no plausible causal connection that is alleged by Plaintiff to sustain this cause of action since UF would not have had knowledge of her injury until over two weeks after she was dismissed from her academic program and terminated for her ancillary employment with UF due to absences and failed test scores.[40] It is not plausible that UF, without knowledge of a claim, would dismiss

---

[37] Complaint at ¶ 71.
[38] Complaint at ¶ 77.
[39] Complaint at ¶ 72.
[40] Complaint at ¶ 49-50.

Plaintiff from her academic program and ancillary employment in retaliation for a claim she did not report until two weeks following her dismissal. When a plaintiff attempts to establish causation based only on temporal proximity, "it must be very close." *Sierra v. Port Consol. Jacksonville*, LLC, 2016 WL 927189, at *9 (M.D. Fla. Mar. 3, 2016) (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

In this context, typically the temporal proximity involves a statutorily protected activity occurring much earlier than an adverse action, but not after. Nevertheless, Plaintiff makes no other allegations in the entirety of the Complaint concerning the protected activity or causation related to an adverse action. It is also not plausible that UF, in making an academic decision regarding Plaintiff's status as a student in its psychiatric resident program, would consider a worker's compensation claim as a reason to dismiss a student from her academic program. All other allegations concerning this count are conclusory or a recitation of elements. Therefore, Plaintiff fails to state a plausible or sufficient claim and Count III should be dismissed with prejudice.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Complaint should be dismissed in its entirety under Rules 12(b)(6) or 12(b)(1), Federal Rules of Civil Procedure, for

failure to state a claim upon which relief may be granted or lack of subject matter jurisdiction.

<h2 style="text-align:center"><u>CERTIFICATION OF WORD COUNT</u></h2>

In accordance with Local Rule 7.1, I hereby certify that this document contains 6,493 words.

Dated this 20 day of December, 2019.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT P.A.

By: _____
Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
Michelle Bedoya Barnett
Florida Bar No. 0823201
E-mail: michelle.barnett@adblegal.com
David E. Chauncey
Florida Bar No. 0119497
E-mail: david.chauncey@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December ____, 2019, a copy of the foregoing was furnished by email to Andrew J. Salzman, Unice, Salzman, Jensen, P.A., 1815 Little Road, Trinity, Florida 34655 (asalzman@unicesalzman.com, service@unicesalzman.com, cposs@unicesalzman.com)

ATTORNEY