UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SARAH DIEKMAN,
an individual,

    Plaintiff,

vs.                                                                 Case No: 1:19-cv-00227-AW-GRJ

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES, AS THE PUBLIC BODY
CORPORATE OF UNIVERSITY OF FLORIDA,
THROUGH ITS COLLEGE OF MEDICINE

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW, Plaintiff, SARAH DIEKMAN, by and through her undersigned counsel and files her Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) and as good cause in opposition to the motion, Plaintiff would state that she has properly pled each count of this Complaint and a dismissal of this action would be improper.

## LEGAL STANDARD FOR MOTION TO DISMISS

The federal court operates as a notice pleading jurisdiction in order to focus on the merits of a claim. Fed. R. Civ. P. (8)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) ("The liberal notice pleading of Rule (8)(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.") To satisfy the requirements of Fed. R. Civ. P. 8, a complaint must simply give

the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Bell Atlantic* at 555; *Swierkiewicz* at 512. Although the pleading standard announced in Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than unadorned, "the-defendant-unlawfully-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.,* 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing *Ashcroft v. Iqbal* 129 S. Ct. 1937, 949 (2009)). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Simplexgrinnel, L.P. v. Ghiran,* 2007 U.S. Dist. LEXIS 63700 (M.D. Fla. August 29, 2007) (citing *Neitzke v. Williams,* 490 U.S. 319, 326 109 S. Ct. 1827 (1989); *Brown v. Crawford County, Georgia,* 960 F. 2d 1002, 1009-1010, (11th Cir. 1992). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See *Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986).

Furthermore, a complaint may not be dismissed for failure to state a claim unless it is demonstrated, beyond doubt, that the plaintiff can prove no set of facts in support of their claim which would entitle him to relief. *Lopez v. First Union National Bank of Florida,* 129 F. 3d 1186, 1189 (11th Cir. 1997). In deciding a motion to dismiss, the Court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.* 208 F. 3d 959, 962 (11th Cir. 2000), and the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. *Christopher v. Harbury,* 536 U.S. 403, 406, (2002). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009), quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007). A claim

has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* When there are well-pled factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Iqbal* at 1950.

In order for the Court to dismiss a claim under Federal Rule of Civil Procedure 12(b)(1), the moving party must successfully challenge the claim "on its face or the factual truthfulness of its averments," *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993). Facial challenges are limited to analyzing the face of the complaint. *Biscanin v. Merrill Lynch & Co., Inc.,* 407 F.3d 905, 907 (8th Cir. 2005). Under a facial challenge, each factual allegation concerning jurisdiction is presumed to be true. *Titus,* 4 F.3d at 593. Thus, the moving party's motion can be "successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

## MEMORANDUM OF LAW

Defendant has asserted that the Plaintiff was a student and not an employee and therefore was subject to Defendant's quasi-judicial decisions and was required to exhaust her administrative remedies in her allegations of due process, discrimination and retaliation. The Plaintiff disagrees with the Defendant's assertion and as stated in her complaint. The Plaintiff was an employee of the Defendant.

A determination of whether or not the Plaintiff was an employee of the Defendant is a question of fact to be resolved by the factfinder and therefore inappropriate for motion to dismiss. *Damsky v. Univ. of Miami,* 166 So. 3d 930, (Fla. 3rd DCA 2015); *Jaar v. Univ. of Miami,* 474 So.

2d 239, (Fla. 3d DCA 1985). The Court needs to make factual determinations on the issue of whether or not there was an employer and employee relationship. *Bryant v. Duval County Hosp. Auth.*, 459 So.2d 1154 (Fla. 1st DCA 1984).

In the case at bar, the Plaintiff was subject to an employment contract; the Plaintiff was paid a salary by the Defendant; the Defendant defined the work responsibilities in the employment contract; the Defendant established that billable hours and work production were a priority over education opportunities; the Plaintiff's termination references the Plaintiff's failure to bill and make the Defendant a sufficient amount of revenue; the Plaintiff was required as an employee to have another employee cover her work schedule; the Defendant filed employment taxes and retirement benefits for the Plaintiff; Plaintiff's work assignments included being the sole physician at a free-standing inpatient psychiatric hospital and billed for her services; Defendant stated during the Plaintiff's employment that the residents primary purpose was to create billable hours for the University not to educate the residents; the Plaintiff received performance evaluations not grades; and Plaintiff was directed to seek medical services from the Defendant's employee health services not the student health services.

Clearly, based on the allegations in the amended complaint, the Court needs to make a factual determination as to whether or not an employer and employee relationship existed between the Plaintiff and the Defendant. The allegations in the amended complaint, must be taken as true and the Plaintiff has pled sufficient causes of action under an employee and employer relationship. The Court should deny Defendant's motion to dismiss for lack of subject matter jurisdiction based on the allegation that the Plaintiff was a student not an employee.

The Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief". The pleadings must contain enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S. Ct. at 1974.

To establish a procedural due process, claim under section 1983, a plaintiff must allege that she has a property interest as defined by state law and, second, that the defendant, acting under color of state law, deprived her of that property interest without a constitutionally adequate process. *Natal-Rosario v. P.R. Police Dep't,* 609 F. Supp. 2d 194, (D.P.R. 2009).

The Plaintiff's amended complaint seeks to remedy the violation pursuant to *Cleveland Bd. Of Educ. v. Loudermill,* 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985), the Plaintiff received no hearing prior to termination and was presented with no post-termination administrative process to appeal her termination. Therefore, the Plaintiff was denied procedural due process and she is entitled to a pre-termination hearing with an opportunity to respond, coupled with a post-termination administrative procedure both of which were denied by Defendant.

To establish a prima facie case of workers' compensation retaliation, a plaintiff must show that; (1) she sought workers' compensation benefits; (2) she suffered an adverse employment action; and (3) there is a causal connection between the claim for workers' compensation benefits and the adverse employment action. *Williams v. Record Town, Inc.,* 2009 U. S. Dist. LEXIS 30263, Middle District of Florida, Tampa Division. To establish a causal connection, "[t]he general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient evidence to create a genuine issue of material fact of a causal connection." *Brungart v. BellSouth Telecoms., Inc.,* 231 F.3d 791, 799 (11th Cir. 2000).

The Plaintiff sustained an injury under workers' compensation on December 3, 2015. The Plaintiff was terminated on December 4, 2015. The Plaintiff has pled a valid cause of action for workers' compensation retaliation pursuant to Florida Statute § 440.205. The Defendant's motion to dismiss should be denied.

## CONCLUSION

WHEREFORE, Plaintiff, SARAH DIEKMAN, respectfully requests that this Honorable Court deny Defendant, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, AS THE PUBLIC BODY CORPORATE OF UNIVERSITY OF FLORIDA's Motion to Dismiss Plaintiff's Amended Complaint and award any other relief that this Court deems just and proper, or in the alternative, respectfully requests that she be given an opportunity to amend the Complaint should the Court rule it to be deficient.

## CERTIFICATION OF WORD COUNT

In accordance with Local Rule 7.1, I hereby certify that this document contains 1,717 words.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 31, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Mark G. Alexander, Esquire and David E. Chauncey Esquire** (mark.alexander@adblegal.com ; david.chauncey@adblegal.com) ALEXANDER DEGRANCE BARNETT, P.A., 1500 Riverside Avenue, Jacksonville, Florida 32204.

_____
ANDREW J. SALZMAN, ESQUIRE
Florida Bar Number: 603929

**UNICE SALZMAN JENSEN, P.A.**
CenterState Bank Building, Second Floor
1815 Little Road
Trinity, Florida 34655
Phone (727)723-3772
Primary E-mail:   service@unicesalzman.com
Secondary E-mail:   asalzman@unicesalzman.com