UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SARAH DIEKMAN,
    an individual

    Plaintiff,

v.                                                       Case No.: 1:19-cv-00227-AW-GRJ

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES, AS THE PUBLIC BODY
CORPORATE OF UNIVERSITY OF FLORIDA,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, the University of Florida Board of Trustees ("UF"), responds to the remaining allegations contained in Plaintiff's Amended Complaint as follows:

### JURISDICTION AND VENUE

1.    This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

2.    Denied.

{00380290 1}                                             1

## THE PARTIES

3.  UF is without sufficient knowledge and therefore denies the allegations contained in paragraph 3.

4.  Admitted.

5.  UF admits that it is an employer. However, UF denies that it was Plaintiff's employer under any of the laws or statutes cited in paragraph 5.

6.  Denied.

## FACTS

7.  UF is without sufficient knowledge and therefore denies the allegations contained in paragraph 7.

8.  UF is without sufficient knowledge and therefore denies the allegations contained in paragraph 8.

9.  UF is without sufficient knowledge and therefore denies the allegations contained in paragraph 9.

10. Denied.

11. UF admits that Plaintiff began her residency program on July 1, 2013 and had a contract for the residency program. However, UF denies all other allegations in paragraph 11.

12. UF admits that Plaintiff requested a handicap parking space. However, all other allegations in paragraph 12 are denied.

13. UF admits that Plaintiff was accommodated with a handicap parking space. However, UF denies all other allegations in paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. UF admits that Plaintiff contacted the ADA office on March 31, 2015. UF denies all other allegations in paragraph 31.

32. UF admits that Plaintiff filed a complaint with the accrediting body, ACGME. However, UF denies all other allegations in paragraph 32.

33. UF admits that Plaintiff spoke with Dr. Dixon on May 8, 2015. The remaining allegations in paragraph 33 are denied.

34. Denied.

35. UF admits that Plaintiff attempted to file an ADA Grievance with the ADA office in May 2015. However, all other allegations in paragraph 35 are denied.

36. Denied.

37. Denied.

38. Denied.

39. UF admits that Dr. Hobbs, Dr. Averbuch and Ken Osfield met on May 28, 2015. However, UF denies all other allegations in paragraph 39.

40. Denied.

41. Denied.

42. UF admits that Plaintiff was directed to speak to Mr. Osfield regarding her reasonable accommodations. However, all other allegations in paragraph 42 are denied.

43. Denied.

44. Denied.

45. Denied.

46. UF admits that Plaintiff was placed on academic probation in September 2015. UF denies all remaining allegations in paragraph 46.

47. UF admits that Plaintiff took the PRITE examination. UF denies all remaining allegations in paragraph 47.

48. UF admits Milestone scores mark the attainment of a skill level for residents. UF denies all remaining allegations in paragraph 48.

49. UF admits that a meeting was held on November 18, 2015, concerning Plaintiff's accommodation requests and the meeting was attended by Dr. Jaqueline Hobbs, Dorothy McCallister and Dr. Ken Osfield. UF is without knowledge to "Exhibit A" since it was not attached and therefore denies the remaining allegations in paragraph 49.

50. UF admits that Plaintiff was terminated from her residency program on December 4, 2015. UF denies all other allegations in paragraph 50.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT I – DISABILITY DISCRIMINATION IN CONTRAVENTION OF THE FLORIDA CIVIL RIGHTS ACT

58. UF incorporates by reference the above responses to the allegations contained in paragraphs 1 through 57 of the Amended Complaint.

59. This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

60. Denied.

61. Denied.

62. Denied.

63. UF admits that Plaintiff was terminated from her residency program. UF denies all other allegations in paragraph 63.

64. Denied.

65. Denied.

66. Denied.

UF denies all other allegations, including all allegations contained in any wherefore clause, subparts or prayer for relief, that are not otherwise expressly admitted herein.

## COUNT II – WRONGFUL DISCHARGE BY DEFENDANT IN VIOLATION OF FLORIDA STATUTE SECTION 440.205

Plaintiff's Count II was dismissed by this Court and not re-filed by the Plaintiff. *See* ECF No. 20.

## COUNT III – UNLAWFUL DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

76. UF incorporates by reference the above responses to the allegations contained in paragraphs 1 through 57 of the Amended Complaint.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

UF denies all other allegations, including all allegations contained in any wherefore clause, subparts or prayer for relief, that are not otherwise expressly admitted herein.

## COUNT IV – SEX DISCRIMINATION BASED ON TITLE VII

81. UF incorporates by reference the above responses to the allegations contained in paragraphs 1 through 57 of the Amended Complaint.

82. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

UF denies all other allegations, including all allegations contained in any wherefore clause, subparts or prayer for relief, that are not otherwise expressly admitted herein.

## COUNT V – RETALIATION UNDER TITLE VII

88. UF incorporates by reference the above responses to the allegations contained in paragraphs 1 through 57 of the Amended Complaint.

89. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a

response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

90. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

UF denies all other allegations, including all allegations contained in any wherefore clause, subparts or prayer for relief, that are not otherwise expressly admitted herein.

**COUNT VI – RETALIATION UNDER FLORIDA CIVIL RIGHTS ACT**

96. UF incorporates by reference the above responses to the allegations contained in paragraphs 1 through 57 of the Amended Complaint.

97. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

98. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. This paragraph sets forth legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, UF generally denies that Plaintiff is entitled to any relief or remedy under any of the statutes or laws cited.

UF denies all other allegations, including all allegations contained in any wherefore clause, subparts or prayer for relief, that are not otherwise expressly admitted herein.

## COUNT VII – RETALIATION UNDER FLORIDA WHISTLEBLOWER ACT

Plaintiff's Count VII was dismissed by this Court and not re-filed by the Plaintiff. *See* ECF No. 20.

## COUNT VIII – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

Plaintiff's Count VIII was dismissed by this Court and not re-filed by the Plaintiff. *See* ECF No. 20.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury for all issues so triable.

## UF'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim in Count I for discrimination based upon disability in violation of the Florida Civil Rights Act because the Amended Complaint does not set forth a *prima facie case* of discrimination based upon a disability, nor does the Complaint allege sufficient facts to demonstrate a plausible claim for discrimination based upon a protected class.

### Second Affirmative Defense

Plaintiff fails to state a claim in Count III for discrimination based upon sex in violation of the Florida Civil Rights Act because the Amended Complaint does not set forth a *prima facie case* of discrimination based upon sex, nor does the

Amended Complaint allege sufficient facts to demonstrate a plausible claim for discrimination based upon a protected class.

### Third Affirmative Defense

Plaintiff fails to state a claim in Count IV for discrimination based upon sex in violation of Title VII of the Civil Rights Act of 1964 because the Amended Complaint does not set forth a *prima facie case* of discrimination based upon sex, nor does the Amended Complaint allege sufficient facts to demonstrate a plausible claim for discrimination based upon a protected class.

### Fourth Affirmative Defense

Plaintiff fails to state a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 in Count V of the Amended Complaint. The Amended Complaint does not allege sufficient facts to demonstrate a plausible claim for retaliation.  Plaintiff also fails to allege that the protected activity Plaintiff allegedly engaged in was the but-for cause of the adverse employment action alleged in the Amended Complaint. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

### Fifth Affirmative Defense

Plaintiff fails to state a claim for retaliation in violation of the Florida Civil Rights Act in Count VI of the Complaint. The Amended Complaint does not allege sufficient facts to demonstrate a plausible claim for retaliation. Plaintiff also fails to

allege that the protected activity Plaintiff allegedly engaged in was the but-for cause of the adverse employment action(s) alleged in the Complaint. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

### Fifth Affirmative Defense

UF denies that any harassment towards Plaintiff occurred. Notwithstanding, to the extent that Plaintiff can demonstrate that any gender motivated harassment towards Plaintiff occurred, UF took reasonable steps to prevent and promptly correct any gender motivated harassment that may have been directed towards Plaintiff in the workplace, and Plaintiff unreasonably failed to take advantage of UF's preventive or corrective measures.

### Sixth Affirmative Defense

This Court lacks subject matter jurisdiction over Plaintiffs' claims, because, in order to exhaust all administrative remedies, Plaintiff must appeal UF's final decision by judicial review in the Eighth Judicial Circuit Court.

### Seventh Affirmative Defense

At all times material hereto, UF acted in good faith and with reasonable grounds for believing that it was not violating the Florida Civil Rights Act and Title VII of the Civil Rights Act of 1964.

**Eighth Affirmative Defense**

Any and all actions taken by UF with regard to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business and/or administrative reasons that were unrelated to Plaintiff's gender, alleged disability or alleged engagement in protected activity.

**Ninth Affirmative Defense**

UF maintains a well-publicized policy and practice prohibiting discrimination and retaliation, which is communicated, distributed, and enforced. Thus, UF exercised reasonable care to prevent discrimination or retaliation from occurring.

**Tenth Affirmative Defense**

To the extent Plaintiff is able to demonstrate that her sex, alleged disability or alleged protected activity was a motivating factor in any adverse employment action challenged by Plaintiff, UF would have taken the same action with respect to Plaintiff absent any consideration of Plaintiff's gender, alleged disability or engagement in protected activity.

**Eleventh Affirmative Defense**

Plaintiff is not entitled to all or some of the relief requested in the Amended Complaint because the alleged adverse employment action was predicated upon grounds other than, and would have been taken absent, Plaintiff's purported exercise

of rights protected by the Florida Civil Rights Act and Title VII of the Civil Rights Act of 1964.

### Twelfth Affirmative Defense

Plaintiff was not a qualified individual covered under the Florida Civil Rights Act.

### Thirteenth Affirmative Defense

Plaintiff was provided reasonable accommodations throughout her tenure as a resident at UF. However, Plaintiff sought a fundamental alteration of the residency program that was more than the reasonable "modification" required by the Florida Civil Rights Act.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or part, by failure of Plaintiff to institute this action within the time required and fulfill the conditions precedent and mandatory claim processing rules required by the Florida Civil Rights Act.

### Fifteenth Affirmative Defense

Plaintiff's damages recoverable pursuant to her claim in Counts I, III, VI, and VI if any, are capped by the limitations set forth in sections 760.11 and 768.28, Florida Statutes, and any other applicable limitations. Plaintiff's damages recoverable pursuant to her claim in Counts IV and V, if any, are capped by the limitations set forth in 42 U.S.C. § 1981, and any other applicable limitations.

### Sixteenth Affirmative Defense

UF is entitled to a setoff from any damages that may be awarded in this case based upon any and all payments or benefits paid or otherwise available to Plaintiff from any collateral sources or other sources of income.

### Seventeenth Affirmative Defense

Plaintiff has failed to mitigate her damages by failing to take reasonable measures to obtain future employment. Any recovery made by Plaintiff should be setoff, barred or reduced accordingly.

### Eighteenth Affirmative Defense

Plaintiff's claims seeking damages for emotional distress/mental anguish are barred, in whole or part, by a stressor affecting Plaintiff mental condition that was caused by factors independent of the alleged actions in the Complaint.

### Nineteenth Affirmative Defense

UF has retained the undersigned attorneys and is obligated to pay them a reasonable fee. Pursuant to the applicable attorney's fees provision of the Florida Civil Rights Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e-5, Plaintiff is obligated to pay same.

Dated this 22nd day of June 2020.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT P.A.

By: _____
Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
David E. Chauncey
Florida Bar No. 0119497
E-mail: david.chauncey@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, a copy of the foregoing was furnished by email to Andrew J. Salzman, Unice, Salzman, Jensen, P.A., 1815 Little Road, Trinity, Florida 34655 (asalzman@unicesalzman.com, service@unicesalzman.com, cposs@unicesalzman.com)

_____
ATTORNEY