# Exhibit 17

**UF UNIVERSITY of FLORIDA**
*The Foundation for The Gator Nation*

Regina Bussing, MD
Professor and Interim Chair
Department of Psychiatry
352.294-4900 Tel
352.627-5015 Fax

McKnight Brain Institute
1149 Newell Drive, Suite L4-100
P. O. Box 100256
Gainesville, FL 32610-0256
www.psychiatry.ufl.edu

Sunday, January 17, 2016

To: Sarah Diekman, MD
PGY-3 Resident
PO Box 100256

RE: Response to appeal of dismissal

Dear Dr. Diekman,

Thank you for providing me your letter appealing your dismissal from the University of Florida Psychiatry Training Program. I have reviewed the documents regarding your termination, including the dismissal letter issued by your residency training director, Dr. Hobbs, after a 3 month probationary period was determined not to have resulted in significant performance improvement; documents from the ADA compliance office; and your appeal submitted to me 1/13/2016.

Specific performance goals had been set for your three month probationary period because your prior performance had not reached expectations despite multiple documented corrections and efforts to coach. The probationary goals underwent thorough review and were determined to be reasonable and fair. They included performance goals in five major areas, namely development of an individualized learning plan, patient care, interpersonal and communication skills, medical knowledge and professionalism; each major goal was delineated into multiple concrete sub-goals. The reasons for the Clinical Competency Committee's (CCC) unanimous recommendation for termination were spelled out in the December 4th 2015 letter from Dr. Hobbs, which identified continued clear deficiencies in all but a few sub-goals.

Your letter of appeal does not address these deficiencies. Instead it contains numerous unrelated unsubstantiated allegations and accusations about various faculty members. Furthermore, in your letter of appeal you claim that you were not provided requested accommodations. Of note, the deficiencies documented in the dismissal letter are unrelated to the accommodation requests you refer to. Provision of appropriate ADA accommodations is clearly an important duty of our University and we are committed to providing accommodations in a timely fashion. In reviewing documentation from the ADA compliance office (Disability Request Form signed by you April 13, 2015; ADA compliance officer letter from June 2, 2015; Accommodation request submitted by you November 12, 2015 and submitted back to you for signature November 23, 2015, but not yet signed by you, despite reminders by the program director and by the ADA compliance officer) I find no evidence that the psychiatry program neglected to meet suggested accommodations. Therefore my assessment is that timely responses to requests were provided, and reasonable accommodations were made.

After reviewing the deficiency reasons for the termination and studying your appeal's responses to these deficiencies my decision is to uphold the dismissal. You have the right to appeal the decision to Dr. Lisa Dixon, the Associate Dean for Graduate Medical Education. If she upholds the decision, the next appeal would be to Dr. Michael Good, Dean of The College of Medicine. His decision is final.

Sincerely,

*Regina Bussing*

Regina Bussing, MD, MHSH
Professor and Interim Chair
UF Department of Psychiatry

UF/Diekman 000006



**College of Medicine**

**Graduate Medical Education**

PO Box 100321
Gainesville, FL 32610-0321
352-265-0152
352-265-8966-fax

February 3, 2016

Dear Dr. Diekman,

I have reviewed the material concerning your dismissal, including the appeal letters to myself and Dr. Bussing, Dr. Bussing's decision letter, and documentation of your performance leading up to and during your probation period.

In your appeal letter, you specifically reference our conversation on May 8, 2015 when you voiced concern that you were not being advanced along with your colleagues and would be delayed in receiving a specific lecture/training series; a series which you felt would be particularly beneficial to your "ability to handle dangerous situations, conflict [sic] with authority" and your "own mental health". As documented in the letter from Dr. Hobbs to you, dated April 29, 2015, your work performance and lack of progress was concerning enough that faculty and clinic directors decided this experience should be postponed until you could demonstrate you were ready to tackle new challenges. There is no evidence to support that this postponement was in any way related to anything other than your lack of progress. Furthermore, it is not logical that the postponement of this experience could have any impact on the performance of skills you should have mastered prior, and so this action could not have hindered your ability to meet the goals of your probation. Of note, you were not denied the training altogether, and the postponement of this educational exposure in no way limited your access to appropriate mental health services offered by the institution to all residents. A seminar series designed for professional education is not a substitute for professional assessment and care, and professional assessment and care was available to you throughout this entire process.

Regarding accommodations for your disability, all documentation shows that the department was in compliance with the agreed upon accommodations from the ADA compliance office (letter dated 3/31/2015 and signed by you on 4/13/2015). I reviewed the ADA complaint you filed on May 22, 2015. The response from the ADA compliance office (June 2, 2015) advocated for an ADA training program for departmental leadership (which occurred on July 7, 2015), but did not support the allegation in the complaint that you were being discriminated against in your educational opportunities. Your educational opportunities differed from your peers in response to your inadequate job performance, as noted above. I find no substantiated evidence that the department or any individual acted inappropriately in addressing your needs.

I acknowledge that you attest more accommodations should have been required, however your request for reassessment by the ADA compliance office was not made until November 12, 2015 more than two months after your probationary period began. Furthermore, the ADA compliance office's response to this request (submitted to you on November 23, 2015), was never signed by you. It is clearly stated on this document that the accommodations will take place "upon signature of Dr. Diekman".

*The Foundation for The Gator Nation*
An Equal Opportunity Institution

UF/Diekman 000134

Your probation letter dated September 3, 2015 and signed by you, indicates the goals you needed to meet in order to remain in the training program.  Your continued deficiencies during your probationary period are documented in your dismissal letter (dated December 4, 2015).  Though I acknowledge your point that perhaps all of your evaluations were not uniformly negative, there is clear and unambiguous documentation that you did not meet the goals as set forth in your probation letter, and the fact remains that your overall performance, as assessed by a committee of seasoned educators, did not show significant improvement during your probationary period and as a consequence, you were dismissed from the program.  I have found no evidence to refute the decision, and no evidence that there has been discriminatory actions on the part of the department or any affiliated individual.  I am upholding the decision for dismissal.  You have the right to appeal the decision to Dr. Michael Good, Dean of The College of Medicine. His decision is final.

Sincerely,

Lisa R. Dixon, M.D.
Designated Institutional Official
Associate Dean of Graduate Medical Education

UF/Diekman 000135



**Dean, College of Medicine**
Folke H. Peterson Dean's Distinguished Professor

PO Box 100215
Gainesville, FL 32610-0215
352-273-7500 Tel
352-273-8309 Fax

April 27, 2016

Sarah Jean Diekman, MD
2717 SW 98th Drive
Gainesville, FL 32608

Dear Dr. Diekman:

I have reviewed all documentation regarding your appeal of Dr. Dixon's decision on your grievance. I also met with you to discuss your grievance on April 12, 2016, and received and reviewed the additional information you provided by email on April 14, 2016. After having carefully considered the documents and information, I have concluded that you have not provided information or evidence that would support a decision to overturn Dr. Dixon's decision and your dismissal. I am affirming Dr. Dixon's decision and upholding the dismissal. This decision constitutes the final decision of the University of Florida with respect this matter.

You may seek judicial review of this final University decision pursuant to Florida Rules of Appellate Procedure 9.190, applicable to review of quasi-judicial decision of an administrative body not subject to the Administrative Procedure Act, by filing a petition for certiorari review within 30 day of the final University decision.

Sincerely,

*ML Good, MD*

Michael L. Good, MD
Dean, UF College of Medicine
Folke H. Peterson Dean's Distinguished Professor

*The Foundation for The Gator Nation*
An Equal Opportunity Institution

Diekman/UF 000100