# Exhibit 33

## DECLARATION OF DR. RICHARD C. HOLBERT

I am Dr. Richard C. Holbert, a citizen and resident of Alachua County, Florida, over the age of 18. I am competent to testify to the facts below and do so from personal knowledge and under penalty of perjury.

1. I am currently the Medical Director of the University of Florida Health Shands Psychiatric Hospital.

2. I earned my medical degree at the University of Iowa and completed my residency in psychiatry at the University of Florida ("UF").

3. I preceded Dr. Jacqueline Hobbs ("Dr. Hobbs") as the Department of Psychiatry Residency Training Director. I served in that role from 2001 to 2008.

4. I came to know Dr. Sarah Diekman ("Dr. Diekman") when she was assigned to work for me as a resident. I was her attending.

5. While Dr. Diekman was a resident, I was also a member of the Clinical Competency Committee ("CCC") at the UF Department of Pyschiatry. The CCC is a committee of faculty within each program at the UF College of Medicine that meets with the residency program director to oversee each resident's academic standing and performance including promotion, remediation, probation, non-renewal, and dismissal.

6. I found Dr. Diekman to be a very nice individual. She also performed some tasks well at times. However, Plaintiff generally struggled with her performance in the residency program.

7. I was Dr. Diekman's attending on her rotation in January 2015. Dr. Diekman had the capacity to work with patients in simple situations. She had weaknesses in treatment planning and knowledge. In my evaluation, I recommended more experience for Dr. Diekman in the

{00382372 1 }  1

clinical arena and that there be an education plan created for her that focused on increasing her knowledge.

8. Due to Dr. Diekman's struggles, the CCC asked Dr. Hobbs to create an education plan or "pre-probation" plan to help remediate Dr. Diekman's deficiencies.

9. Due to her failure to improve, Dr. Diekman was placed on probation by the CCC and provided a detailed remediation plan in September 2015.

10. I again was the attending overseeing Dr. Diekman's rotation in October 2015. During her rotation, Dr. Diekman missed the big picture when interviewing patients. She would focus on minor issues but disregard the primary factor of concern.

11. Dr. Diekman was also a threat to her own safety and the safety of patients. Dr. Diekman did not show the ability to assess dangerous patient situations. She missed cues to use precaution even with instructions from multiple treatment team members. She had difficulties identifying dangerous from non-dangerous patients. Dr. Diekman also required close monitoring.

12. Generally, Dr. Diekman had deficiencies in her clinical skills.

13. The CCC reviewed Dr. Diekman's issues in its meeting on November 24, 2015. Dr. Diekman had not met the requirements of her remediation plan. Due to Dr. Diekman's performance issues and safety concerns, the decision was made unanimously by the members of the CCC to dismiss Dr. Diekman from the residency program. I was one of the individuals who voted in favor of dismissing Dr. Diekman from the residency program.

14. Dr. Hobbs was always professional in her interactions with me and in meetings of the CCC.

15. Generally, I have found Dr. Hobbs to be the consummate professional and working to help her residents to grow into competent professionals themselves.

16. I had no knowledge of any parking issues Dr. Diekman had while at UF. I never heard anyone else at UF discuss Dr. Diekman's parking concerns.

17. I did not witness any discriminatory or retaliatory behavior towards Dr. Diekman by anyone at UF.

18. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 31st day of August, 2020.

_____
Dr. Richard C. Holbert